IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG A. CHILDRESS, # 902850, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1230-JPG |
| ) | |
| S.A. GODINEZ, MICHAEL RANDLE, ) | |
| ROGER WALKER, JOHN EVANS, ) | |
| ROBERT HILLIARD, ) | |
| WILLIAM PEYTON, TY BATES, ) | |
| ANGELA WINSOR, R.G. EUBANKS, ) | |
| DANALYN WILSON, ) | |
| UNKNOWN PARTY JOB ) | |
| PREPAREDNESS INSTRUCTOR, ) | |
| UNKNOWN PARTY JOHN/JANE DOES, ) | |
| and GLADYSE TAYLOR, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Treatment and Detention Facility in Rushville, Illinois ("TDF"),[1] has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the Department of Human Services as a civilly committed detainee. The incidents giving rise to his claims arose while he was an inmate at Big Muddy River Correctional Center ("BMRCC"). He claims that Defendants violated his civil rights by placing a computer disk in his personal property box, which led to the revocation of his parole.

More specifically, Plaintiff states that he successfully completed a three-week "Life Style

---

[1] According to the website of the Illinois Department of Human Services, the TDF houses people civilly detained under the Sexually Violent Persons Commitment Act. Http://www.dhs.state.il.us/page.aspx?item=42716. Civilly committed sex offenders in Illinois are subject to the Prison Litigation Reform Act ("PLRA") (28 U.S.C. § 1915 *et seq*). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004).

Redirection Program" through Rend Lake College in August 2010, shortly before his release from BMRCC (Doc. 1, p. 9). Defendant Wilson was the instructor. Like all other participants in this program, Plaintiff was issued a floppy computer disk by Defendant Wilson that contained his resume and cover letter. *Id*. This disk and the hard copies of the resume and letter were in a sealed envelope that was stored in the BMRCC institutional property room.

On August 18, 2010, Correctional Officer Saurbrunn (who is not a named Defendant) packed the computer disk in Plaintiff's personal exit property, which Plaintiff took with him to his parole site (Doc. 1, pp. 9-10). One of the conditions of Plaintiff's parole was that he not have any computer related materials in his possession (Doc. 1, p. 10).

On September 3, 2010, a routine inspection of Plaintiff's residence turned up the computer disk, and Plaintiff was taken into custody for a parole violation. *Id*. He was eventually transferred back to BMRCC, and was informed on December 6, 2010, that the Prisoner Review Board had found him in violation of his parole.

When Plaintiff arrived back at BMRCC on November 16, 2010, Plaintiff learned through a conversation with Defendant Bates (Assistant Warden of Programs), that two other inmates in Illinois had been found in violation of their parole because of a computer disk being placed in their outgoing personal property by IDOC employees (Doc. 1, p. 10). Plaintiff contends that because of these prior incidents, the Defendants' continued adherence to their policies, practices, and procedures amount to "systemic and brazen indifference[,] . . . gross negligence and reckless disregard for the plaintiffs [sic] Constitutional Rights" (Doc. 1, p. 11).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

First, nothing in Plaintiff's complaint indicates that Defendant Wilson or any prison official placed the computer disk in Plaintiff's possession with the intent of causing him to violate a parole condition, nor even with any knowledge that possession of this item would be contrary to the conditions of his parole. Constitutional deliberate indifference must involve a defendant's conscious disregard of a known or obvious substantial risk to a prisoner's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991). These elements are not present here. At most, Plaintiff's allegations indicate that the placement of the computer disk in his property could have been a negligent act. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Further, by the time Plaintiff's residence was inspected on September 3, 2010, he had been away from BMRCC on parole for approximately two weeks. He had exclusive control over his property items and could have easily found the computer disk. Indeed, it appears from the complaint that he knew he would be given the disk upon completion of the Life Style program, since he states that this was the regular practice. As a parolee, it was Plaintiff's responsibility to know and comply with all the conditions of his parole. *See Morrissey v. Brewer,* 408 U.S. 471, 480 (1972) (parolees do not enjoy "the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions"). He could have disposed of any personal property items that posed a problem, or sent them to a family member or friend for safekeeping. Conversely, Defendant Wilson had no reason to know that Plaintiff or any other particular parolee would be forbidden from possessing a computer disk, or that he would retain the disk in violation of his conditions. Not all parolees are subject to the conditions that applied to Plaintiff as a sex offender, and indeed, parole conditions for sex

offenders may vary. *See* 730 ILL. COMP. STAT. 5/3-3-7. It is unfortunate that Plaintiff appears to have unintentionally run afoul of his conditions of release. However, none of the Defendants' actions amounted to a violation of Plaintiff's constitutional rights.

Even assuming, for the sake of argument, that Defendant Wilson or the BMRCC property officer committed a constitutional violation by giving Plaintiff the computer disk, this would not translate into liability on the part of the wardens, IDOC Directors, or other Defendants in supervisory positions. The doctrine of *respondeat superior* is not applicable to § 1983 actions; to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff has not alleged that Defendants Godinez, Taylor, Randle, Walker, Evans, Hilliard, Peyton, Bates, Winsor, Eubanks, or the Unknown Defendants had any personal involvement in the events which led to his possession of the computer disk.

Plaintiff's claim that some Defendants interfered with the processing of his grievances or his attempts to exhaust administrative remedies (Doc. 1-1, pp. 11-12) does not implicate any constitutional rights. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Finally, any due process concerns arising from the Prisoner Review Board's revocation of Plaintiff's parole cannot be addressed in a civil rights action. A petition for writ of habeas

corpus is the proper method for challenging constitutional deficiencies in a parole revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (constitutional review of parole revocation proceedings brought in habeas); *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977) (challenges to conditions of parole must be brought in habeas corpus action). However, before petitioning for a writ of habeas corpus, a plaintiff must first exhaust his state remedies. *Id.* A writ of mandamus in Illinois state court is the proper avenue for constitutional challenges to a parole revocation proceeding. *See Lee v. Findley*, 835 N.E.2d 985, 987 (Ill. App. Ct. 2005).

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 20, 2013**

s/J. Phil Gilbert
United States District Judge