IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG A. CHILDRESS, # 902850, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1230-JPG |
| ) | |
| S.A. GODINEZ, MICHAEL RANDLE, ) | |
| ROGER WALKER, JOHN EVANS, ) | |
| ROBERT HILLIARD, ) | |
| WILLIAM PEYTON, TY BATES, ) | |
| ANGELA WINSOR, R.G. EUBANKS, ) | |
| DANALYN WILSON, ) | |
| UNKNOWN PARTY JOB ) | |
| PREPAREDNESS INSTRUCTOR, ) | |
| UNKNOWN PARTY JOHN/JANE DOES, ) | |
| and GLADYSE TAYLOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion to alter, set aside, and vacate judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 9). The motion was filed with this Court on March 1, 2013, and challenges this Court's February 20, 2013, dismissal of this *pro se* § 1983 action pursuant to 28 U.S.C. § 1915A (Doc. 7). Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

In his complaint, Plaintiff claimed that Defendants violated his civil rights by placing or allowing the placement of a computer disk in his personal property shortly before he was paroled from the Big Muddy River Correctional Center in August 2010. The disk contained Plaintiff's resume and a cover letter he had prepared while enrolled in a class. In September 2010, the disk was

discovered in Plaintiff's possession, and he was taken back into custody on a parole violation. A condition of his parole was that he not possess any computer-related materials.

At the time he filed his complaint on December 3, 2012, Plaintiff was a resident of the Treatment and Detention Facility ("TDF") in Rushville, Illinois, which is an institution administered by the Illinois Department of Human Services to house civil detainees held pursuant to the Sexually Violent Persons Commitment Act.

Plaintiff challenges this Court's dismissal of his case on two fronts. First, he asserts that he is not a prisoner, nor has he been civilly committed, and this action should not have been subject to the requirements of the Prison Litigation Reform Act ("PLRA"). Secondly, he argues that his claims were improperly dismissed on substantive grounds, because this Court misunderstood his factual allegations and failed to properly apply the law.

After reconsideration of the matter, the Court concludes that Plaintiff indeed should not have been considered a "prisoner" as defined in the PLRA. 28 U.S.C. §§1915(h); 1915A(c).[1] However, this does not change the ultimate outcome of his case, as it is still subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

**Applicability of the Prison Litigation Reform Act ("PLRA")**[2]

In the order dismissing this action, this Court concluded that Plaintiff was a civilly committed sex offender, based on the fact that he was (and still is) a resident of the Rushville TDF.[3] Relying on *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004), the Court presumed that Plaintiff was a

---

[1] For purposes of the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." This identical definition is used in both 28 U.S.C. § 1915(h) and § 1915A(c).

[2] The PLRA is codified in several locations; these include portions of 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, and the addition in 1996 of 28 U.S.C. § 1915A.

[3] The Illinois Sex Offender Information website shows that Plaintiff is "Detained by the Illinois Department of Human Services." http://www.isp.state.il.us/sor/offenderlist.cfm (last visited Jan. 15, 2014). All of his pleadings and motions have been mailed using the return address of the TDF in Rushville, Illinois, and he lists this as his address.

prisoner subject to the PLRA, and screened the complaint pursuant to 28 U.S.C. § 1915A. The Court dismissed the action because Plaintiff's allegations did not indicate that his constitutional rights were violated by any of the Defendants' actions.

Plaintiff asserts in his motion that he is not a prisoner, that he has fully discharged his sentence, is not on parole, has no pending criminal charges or outstanding warrants, and is a registered voter and citizen of Schuyler County (Doc. 9, p. 1). The Court accepts these allegations as true, however, it is also clear that Plaintiff is not a free man. Although he asserts he is not civilly committed, the fact that he resides in the TDF indicates that a court has ordered him to be confined pursuant to the Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. 207/1 *et seq*.

In *Kalinowski*, the Seventh Circuit concluded that a detainee who is in custody after having been found to be a sexually *dangerous* person (SDP) fits within the PLRA's definition of a "prisoner," because such an individual is a "person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness." *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004); see also 725 ILL. COMP. STAT. 205/0.01 *et seq*. However, the *Kalinowski* Court declined to address whether an individual kept in custody as a sexually *violent* person (SVP) is a "prisoner" for PLRA purposes, noting that "[a]pplying the PLRA's definition to such detainees may be difficult." *Kalinowski*, 358 F.3d at 979. The court observed that a person detained as sexually violent "has been 'sentenced for' a crime, but the justification for ongoing custody is future dangerousness rather than (solely) past criminality." *Id*. (citing *Kansas v. Crane*, 534 U.S. 407 (2002)).

According to Plaintiff, he has served his entire criminal sentence, and is no longer on parole. Based on these facts and his other assertions, he does not fall within the PLRA's definition of a "prisoner" – he is not currently serving a sentence resulting from a criminal conviction, nor is he facing pending charges, nor is he being held for a parole violation. Other federal courts have reached the same conclusion as to "sexually violent" detainees. *See Merryfield v. Jordan*, 584 F.3d 923, 927

(8th Cir. 2009) (PLRA did not apply to detainee held because he poses a future danger as a sexually violent predator); *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (detainee who had completed criminal sentence but was held under California sexually violent predator law was not a "prisoner" as defined in the PLRA); *Schloss v. Ashby*, No. 11-CV-3337, 2011 WL 4804868, at *1-2 (C. D. Ill. Oct. 11, 2011) (finding that plaintiffs, all detainees in the Rushville, Illinois, TDP under the Sexually Violent Persons Act, are not "prisoners" within the meaning of the PLRA); *Levi v. William*, No. 07-3228, 2007 WL 2893647, at *1 (C.D. Ill. Sept. 28, 2007) (same).

In light of this reasoning, Plaintiff's motion to alter judgment (Doc. 9) shall be **GRANTED IN PART**. The Court's application of the PLRA to this action was in error, as he is not a "prisoner" as defined therein. Accordingly, Plaintiff is not subject to the fee payment provisions of 28 U.S.C. § 1915(a)(2) or § 1915(b), and the order at Doc. 6 (which granted Plaintiff's motion to proceed *in forma pauperis*) shall be modified accordingly.

**Dismissal of Constitutional Claims**

Because the PLRA does not apply to Plaintiff, the Court also erred in using the prisoner-screening provisions of 28 U.S.C. § 1915A to evaluate the merits of Plaintiff's complaint. However, because Plaintiff sought leave to proceed in this action without prepayment of the filing fee, the Court has authority – and indeed is required – to dismiss the case if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). That statute applies to any case where *in forma pauperis* (IFP) status is sought, whether or not the plaintiff is a prisoner. It provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This action was properly dismissed on the merits under the above standard

(which is virtually identical to the language in § 1915A), because Plaintiff failed to state a claim on which relief may be granted. The Defendants did not violate Plaintiff's constitutional rights.

In the instant motion, Plaintiff argues that Defendants violated several Illinois state laws, and asserts that this Court erred in failing to exercise supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367 (Doc. 9, p. 3). According to Plaintiff, "the Administration" was aware that two other inmates had previously been found in violation of parole conditions for having a computer disk, which had been placed in their property by prison officials (Doc. 9, p. 4). Despite this knowledge, they continued to follow the same practice in his case, which he claims was a violation of state law (Doc. 9, pp. 4-5).

Plaintiff's argument is unavailing. Even if the Court were to accept the dubious premise that Defendants' actions violated Illinois statutes, this would not establish a constitutional violation. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). *See also Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989) (federal courts do not enforce state law or regulations). Moreover, while Plaintiff might have a claim for negligence under state tort law, it is not appropriate for a federal court to retain supplemental jurisdiction over such a claim when all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). Notably, although Plaintiff mentioned supplementary jurisdiction and § 1367(a) in the complaint (Doc. 1-1, p. 2), he did not assert any distinct state law claims in that pleading. Each of his claims invoked 42 U.S.C. § 1983; most were labeled as "deliberate indifference" and others invoked the First and Fourteenth Amendment and claimed § 1983 conspiracy (Doc. 1-1, pp. 9-15). The Court did not err in declining to retain supplemental jurisdiction over any potential state law claims.

Plaintiff further argues that the Court "misrepresent[ed] the facts" of his complaint by concluding that his factual allegations did not demonstrate that any Defendant acted with the intent to cause Plaintiff to violate the conditions of his parole (Doc. 9, p. 5). Again, Plaintiff argues that

Defendant Wilson violated state law by causing "contraband" (the computer disk) to be placed among his exit property, and Defendant Warden Bates allowed the material to be given to Plaintiff even though he knew of two other incidents where parolees incurred violations for possessing such disks. However, as stated in the order dismissing this action, Plaintiff was solely responsible for complying with his conditions of parole. Having re-examined the pleadings, the Court finds no error in its conclusion that the factual allegations did not indicate that any Defendant's conduct rose to the level of unconstitutional deliberate indifference. This case was properly dismissed when analyzed under the directive of § 1915 (e)(2)(B)(ii).

In support of his motion, Plaintiff attaches two affidavits (Doc. 9, pp. 13, 17). These documents contain nothing that would alter the Court's conclusion as to the merits of Plaintiff's claims. Further, a motion under Rule 59(e) cannot be used to present evidence, such as these affidavits, that could have been presented before judgment was entered. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir. 2007).

**Disposition**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff's motion to alter, set aside and vacate judgment is **GRANTED IN PART AND DENIED IN PART** as follows:

The Order at Doc. 6 which granted Plaintiff's motion to proceed in forma pauperis is **MODIFIED** insofar as Plaintiff shall **NOT** be required to make any further payments toward the filing fee for this action during his confinement. The prisoner-payment provisions of 28 U.S.C. § 1915 do not apply to him, and the Trust Fund Officer at Plaintiff's institution shall **NOT** deduct any further payments from his account.

The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Illinois Treatment and Detention Facility (DHS/TDF) upon entry of this Order.

Plaintiff has paid a partial fee of $8.36 and no other payments have been received by the Court toward the $350.00 filing fee for this action. While the PLRA fee requirements do not apply to

Plaintiff, "[a] court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so." *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000). The Court is satisfied that Plaintiff's $8.36 payment is commensurate with his ability to pay at the time this action was filed. As with any other litigant, Plaintiff incurred the obligation to pay the filing fee for this action when it was filed, and the remaining balance of $341.14 is a debt he owes to the Court. *See Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

This civil rights action **REMAINS DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, although the dismissal is now pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff is not a "prisoner" within the meaning of the PLRA, he is not subject to the "three-strike" provisions of 28 U.S.C. § 1915(g). Therefore, this Court's merits review order at Doc. 7 is **MODIFIED** to reflect that the dismissal of this action does **NOT** count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk's judgment at Doc. 8 is **VACATED.** The Clerk is **DIRECTED** to enter an amended judgment to reflect the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the fact that the dismissal does not count as a "strike."

If Plaintiff wishes to appeal the dismissal of his case, he may file a notice of appeal with this court within thirty days of the entry of the amended judgment. FED. R. APP. P. 4(a)(1)(A); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal and is allowed to proceed IFP, he will incur the obligation to pay the $505.00 appellate filing fee (and may be assessed a partial payment

commensurate with his ability to pay) irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

    **IT IS SO ORDERED.**

    **DATED: January 28, 2014**

                                               *s/ J. Phil Gilbert*
                                               United States District Judge