IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG A. CHILDRESS, # 902850,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**S.A. GODINEZ, MICHAEL RANDLE,** )<br>**ROGER WALKER, JOHN EVANS,** )<br>**ROBERT HILLIARD,** )<br>**WILLIAM PEYTON, TY BATES,** )<br>**ANGELA WINSOR, R.G. EUBANKS,** )<br>**DANALYN WILSON,** )<br>**UNKNOWN PARTY JOB** )<br>**PREPAREDNESS INSTRUCTOR,** )<br>**UNKNOWN PARTY JOHN/JANE DOES,** )<br>**and GLADYSE TAYLOR,** )<br>)<br>**Defendants.** ) | Case No. 12-cv-1230-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is now before the Court on remand from the United States Court of Appeals, Seventh Circuit. Plaintiff brought this civil rights action pursuant to 28 U.S.C. § 1983 while he was incarcerated at the Treatment and Detention Facility in Rushville, Illinois ("Rushville"),[1] where he is still confined. The appellate court's mandate issued June 12, 2015 (Doc. 34), and accompanying order (Doc. 34-2) reversed this Court's dismissal of Plaintiff's constitutional claims (Docs. 7, 19).

Specifically, the Seventh Circuit found that Plaintiff had stated a cognizable Eighth Amendment claim against Defendant Bates (the Warden of Big Muddy River Correctional

---

[1] Rushville houses persons who have been civilly detained under the Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. 207/1-99.

Center), for maintaining a policy that allowed the placement of computer-related material into the property boxes of inmates before their release (Doc. 34-2, pp. 10-13). The possession of this material could violate the terms of these former prisoners' supervised release, thus placing them at risk of being returned to prison. Despite Plaintiff's allegation that Defendant Bates knew that this policy and practice had caused two other inmates to be reincarcerated, he failed to alter the procedures. In Plaintiff's case, a computer disk containing his resume was produced for him when he completed the "Lifestyle Redirection Program" in preparation for his re-entry into the community. Plaintiff lost his freedom because he unknowingly had the computer disk in his possession as a result of this policy.

On remand, the Seventh Circuit has ordered this Court to reinstate the original complaint (Doc. 1), consider Plaintiff's two motions for the recruitment of counsel (Docs. 3 and 5), and allow Plaintiff to file an amended complaint, so that he may identify and articulate his claims against any other officials who were personally responsible for the alleged deprivation of his constitutional rights.

**<u>Motions for Recruitment of Counsel (Docs. 3, 5)</u>**

While Plaintiff filed two separate motions, the contents of the motion at Doc. 5 were also included in the original motion at Doc. 3, thus they are duplicative.

There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to

litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, at the time he filed this suit in December 2012, Plaintiff had written to seven different attorneys seeking representation in his case, without success. Based on these actions, Plaintiff has made a reasonable showing that he has attempted to obtain counsel on his own.

The Court must now consider the case itself. Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F.3d at 655. In this case, Plaintiff claims that persons acting under color of state law placed a computer disk in his property boxes, or maintained a policy/practice that allowed such placement, with deliberate indifference to the risk that he would be reincarcerated because he had the disk in his possession. In order to maintain an Eighth Amendment deliberate indifference claim against a particular defendant, a plaintiff must show that the defendant was subjectively aware of the risk the plaintiff faced, yet failed to act to mitigate the risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000).

As the Seventh Circuit noted, in this case, the Court must assess:

> whether Mr. Childress can, from the confines of his present institutional situation, adequately investigate and articulate, in accordance with established practices of § 1983 liability, the familiarity of each defendant with the practices of the Lifestyle Redirection Program and with the conditions of mandatory release placed on offenders like Mr. Childress.

(Doc. 34-2, p. 19).

The circumstances presented in this case warrant recruitment of counsel. Therefore, Plaintiff's motions for recruitment of counsel (Docs. 3, 5) are **GRANTED**. The Court will

contact attorneys admitted to practice in this district in an effort to locate a volunteer. Plaintiff shall continue to litigate *pro se* during the recruiting effort.

As directed by the Seventh Circuit, Plaintiff shall be allowed to file an amended complaint. The United States Magistrate Judge shall establish a schedule for the filing of the First Amended Complaint, as well as for other pretrial matters.

**Disposition**

Defendants **GODINEZ, RANDLE, WALKER, EVANS, HILLIARD, PEYTON, WINSOR, EUBANKS, WILSON, UNKNOWN PARTIES,** and **TAYLOR** are **DISMISSED** from the action at this time without prejudice.

The Clerk of Court shall prepare for Defendant **BATES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to the **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: June 18, 2015**

                                                     s/J. Phil Gilbert
                                                     United States District Judge